DEVELOPMENT BANK OF AMERICAN SAMOA, Plaintiff

v.

RON FA'ALEVAO and PAMATA FA'ALEVAO, Defendants

High Court of American Samoa
Trial Division

CA No. 99-87

November 6, 1987

Before KRUSE, Associate Justice, AFUOLA, Associate Judge, and TUIAFONO, Associate Judge.

Counsel: For Plaintiff, Robert Dennison
Pamata Fa'alevao pro se

Opinion and Order on Motion for Summary Judgment:

This action on overdue indebtedness stems from certain student loans taken out by Ron F. Fa'alevao with plaintiff, Development Bank of American Samoa, under the Federal Insured Student Loan Program (hereafter "FISLP"), made available pursuant to the provisions of Title IV, Part B of the Higher Education Act of 1965, 20 U.S.C. 88 1071 et. seq. The plaintiff bank sues on three separate promissory notes, each with the face amount of $2,500 and respectively dated: October 31, 1977; July 1, 1978; and August 27, 1979.

## FACTUAL BACKGROUND

Defendants herein were at all relevant times husband and wife. The husband, Ron Fa'alevao, at the times the loans were made, was a full time student attending law school in Fullerton, California, and as such he applied for FISLP financial assistance towards the costs of education.

In accordance with the Act, and the regulations thereunder, 34 CFR 682, the FISLP is essentially a federal insurance fund which directly insures soft loans to eligible students made by a qualified state (or as here a "territorial") lender following certain stated criteria. Lenders qualify for the payment of federal interest benefits and special allowances on FISLP loans. The program pays a borrower's loan obligation if the borrower dies or becomes totally and permanently disabled, or if the loan is discharged in bankruptcy. The fund pays the lender's insurance claim if the borrower defaults. See 34 CFR 682.102 (b).

Mr. Fa'alevao's application for FISLP benefits was made on a pre-printed federal form made and provided for in these cases. The form seeks information on the applicant's family's adjusted gross income, to be verified by signatures of all persons whose income is reported on the form.

82

Besides a signature space for the applicant, the form also designates a signature space for: applicant's spouse; applicant's father; and applicant's mother. In the block designated for the spouse, the defendant Mrs. Pamata Fa'alevao executed the application form.

The application form further requires verified information from the applicant's school, and if approved by the lender, the form contains a portion which the Development Bank also filled out.

The loans were variously approved, and the promissory notes utilized to evidence the loans were also pre-printed federal forms. The notes were produced to the court and purport to bear the signatures of both defendants.

At the time this suit was filed, Mr. Fa'alevao had long departed the territory and process was only served on Mrs. Fa'alevao, who, for all intents and purposes, maintains that Mr. Fa'alevao has abandoned his marital and family obligations since leaving the territory.

LEGAL DISCUSSION

After consideration of plaintiff's proofs, namely the promissory notes and the loan application, we find certain factors apparent on the face of the documented evidence which attract a second look, in the light of plaintiff's position that respondent Mrs. Fa'alevao had executed: (1) the loan application as a co-applicant; and (2) the promissory notes as either a primary or secondary obligor.

The factors we allude to that suggest a situation unlike the usual are the following. Firstly, the pre-printed promissory note form is couched in language which addresses only the situation of a singular obligor. Conspicuously absent from the language of the notes are the usual references one expects with regard to co-makers, endorsers, and guarantors. Rather, the note provisions exclusively envisage the Federal Loan Insurance program, (provided under 20 U.S.C. 8 1071 et. seq.) as the only surety for repayment.

For example, clause IV(5) of the notes provides that in the event of maker's death or total and permanent disability, the unpaid

indebtedness thereunder shall be cancelled. Such a term is inconsistent with the provision for a co-maker/co-obligor.

The very bottom of the note form contains in highlighted script print the heading CAVEAT, along with the following language: "This note shall be executed without security and without endorsement, except that, if the maker is a minor and this note would not, under state law, create a binding obligation, endorsement may be required." (emphasis added).

Provision number 1 of the notes requires that the construction of the terms thereof shall be "...in the light of Federal Regulations pertaining to [the] Act" [Title IV, Part B of the Higher Education Act of 1965 as amended, 20 U.S.C. § 1071 et. seq.] We turn to those regulations for edification on the quoted caveat. The pertinent regulations promulgated pursuant to the Act are contained in 34 CFR 682, Sub Part E, § 682.500 et. seq. Section 682.509(e)(2) provides in effect that the Secretary (of Health Education & Welfare) shall make available to FISLP lenders approved promissory note forms. Such forms may not be added to or modified by a lender without the Secretary's approval. Subsection (f) thereof provides as follows:

(1) A FISLP loan must be made without security.

(2) With one exception, a FISLP loan must be made without endorsement. If a borrower is a minor and cannot under applicable local law create a legally binding obligation by his or her own signature, a lender may require an endorsement by another person on borrower's FISLP note. For purposes of this paragraph, "endorsement" means a signature of any party --- other than borrower --- who is to assume either primary or secondary liability on the note.

Given the foregoing, the conclusion is inescapable that Mrs. Pamata Fa'alevao's signing of the notes was an entirely ineffectual exercise. Even if the plaintiff's expectation at the time was that Mrs. Fa'alevao would be bound as an obligor,

84

such an expectation was not in accordance with governing law. The promissory note forms may not be amended by a FISLP lender unilaterally without the Secretary's approval. Secondly, Mrs. Fa'alevao could not be construed as having thereby given security for the repayment of the note. See clause number 1 of the note. Finally, it is quite clear from the regulations that the purpose and intendment of the "Caveat" as contained in the note was to embody the regulatory prohibition against requiring co-obligors.

This prohibition is not without purpose. Section 682.500 of the regulations outlines the circumstances under which loans may be insured under FISLP. These include the circumstances as may exist in a State or Territory whereby "no guarantee agency program is operating; or a guarantee agency program is operating but is not reasonably accessible to students . . . ." Additionally, subsection (d) thereof empowers the Secretary, as a condition for issuing loans under the FISLP, to require lender applicants to certify that conditions such as those mentioned above exist within the Territory. Accordingly, the plaintiff bank cannot be certifying the lack of guarantee agency programs within the territory in order to qualify as a FISLP lender while making, or attempting to make, side deals to bind third party sureties.

We conclude against any liability on the part of Mrs. Pamata Fa'alevao as evidenced by the referenced promissory notes.

The motion for summary judgment is denied.

It is so ORDERED.